UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RECARDO G. TURNER, | 1:13-cv-01612-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL (Doc. 1.) |
| vs. | |
| CONNIE GIBSON, et al., | |
| Defendants. | |
| | ORDER FOR CLERK TO CLOSE CASE |

**I.      BACKGROUND**

Anthony Recardo G. Turner ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 30, 2013, at the United States District Court for the Northern District of California. (Doc. 1.) On October 1, 2013, the case was transferred to the Eastern District of California. (Doc. 5.) Plaintiff has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 1 at 6 ¶III.1.)

**II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3

///

Case 1:13-cv-01612-LJO-GSA   Document 8   Filed 10/10/13   Page 2 of 6


or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury. The court has found evidence on the court record of three 1915(g) "strikes" against Plaintiff, which were all entered before this action was brought by plaintiff on August 30, 2013.[1] The first is case CIV-S-08-2087 EFB P which was dismissed on December 7, 2010 for failure to state a claim upon which relief could be granted. The second is the appeal of that case; Ninth Circuit Case No. 11-15044. On March 16, 2011, the Ninth Circuit summarily affirmed the district court's dismissal for failure to state a claim. The mandate was issued on May 16, 2011. Plaintiff's third "strike" arises from case CIV-S-09-3326 FCD DAD P which was dismissed on July 20, 2010 because the complaint filed therein is duplicative of a complaint filed in a separate action. See July 1, 2010 Findings and Recommendations. In Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) the Fifth Circuit Court of Appeals characterized duplicative litigation as "malicious." In Cato v. U.S., 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995), the Ninth Circuit, citing Bailey, agreed that where a complaint repeats pending or previously litigated claims, it is subject to dismissal under the in forma pauperis statute as being frivolous or malicious.

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff argues that he is under "'Imminent Danger' [for] ongoing excessive force and serious physical injuries by Defendants retaliatory attacks of violence on and against Plaintiff without

///

---

[1] The court has examined the orders dismissing the three cases and finds that they constitute "strikes" within the meaning of § 1915(g).

legal cause while he is in their custody." Cmp at 3 ¶III. Plaintiff alleges "that the Defendants['] conspiracy [and] retaliation on and against him for exercise of his federal protected rights put his life, health, and safety at risk of ongoing danger and injury." Id. However, Plaintiff fails to make factual allegations in the Complaint supporting his claim that he was under "imminent danger" at the time the Complaint for this action was filed.

### A. Plaintiff's Allegations in the Complaint

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California. The events at issue in the Complaint allegedly occurred at CSP and Salinas Valley State Prison in Soledad, California. Plaintiff names as defendants ten correctional officers employed at Corcoran State Prison.

Plaintiff alleges as follows in the Complaint:[2]

Plaintiff arrived at Corcoran State Prison on February 16, 2011. After he filed a complaint, defendants began to retaliate against him by withholding his mail and denying him showers for two months, from February 16, 2011 through April 26, 2011.

When Plaintiff and other African-American inmates complained about an arena-type fight between inmates from opposing gangs staged by defendants, Plaintiff was denied yard exercise from February 2011 through May 2011. On March 10, 2011, Plaintiff's legal property and food package were destroyed, and on March 23, 2011, Plaintiff was verbally threatened by defendants and misclassified by the Warden, and his Central File records were destroyed and intentionally lost.

Between April 26, 2011 and June 25, 2011, Plaintiff was forcibly housed with a Blood Gang member listed as Plaintiff's enemy, in violation of a Los Angeles Superior Court protective order. Defendants then instigated a racial incident with Plaintiff's cellmate and ransacked Plaintiff's cell, taking Plaintiff's property and destroying it. Plaintiff was also forcibly housed with a Crip Gang member named Jones, in violation of the protective order.

///

---

[2] At this stage of the proceedings, Plaintiff's factual allegations are taken as true. Ashcroft v. Iqbal 556 U.S. 662, 678 (2009).

From July 8, 2011 to October 8, 2012, Plaintiff was housed in administrative segregation in solitary confinement and targeted by defendants for retaliation and unwarranted violence. On August 16, 2011, Plaintiff's life was threatened by defendants who assaulted him with pepper spray during a cell extraction. Plaintiff was moved to a different cell where he was targeted for further retaliation and assaults by defendants between August 26, 2011 and September 25, 2011. Between April 1, 2012 and April 8, 2012, defendants stole his legal court mail and discovery documents.

Plaintiff continued to file complaints against defendants who continued to assault him while he was held in administrative segregation solitary confinement from February 16, 2011 through August 2013. Plaintiff alleges that he was assaulted, battered, and cell-extracted by defendants twice a week for several months between June 26, 2012 and October 8, 2012. Plaintiff sustained physical injuries to his eyes, both shoulders and arms, and left wrist, and was denied medical care for serious injuries.

On and before October 8, 2012, Plaintiff was pepper-sprayed, kicked, and beaten during cell extractions, then shackled and handcuffed while defendants threw away his legal documents. Finally, Plaintiff was transported to the Psych Ward of a State hospital in Salinas Valley without his consent.

From October 8, 2012 through July 26, 2013, Plaintiff was physically assaulted with lethal doses of psychotic drugs by forced injections, pepper-sprayed using excessive force, and almost died from a drug overdose after he blacked out and injured his head by falling onto the cell toilet. Plaintiff alleges that the head trauma caused two brain tumors, placing his life, health and safety at risk.

**B.    Imminent Danger**

In Andrews, the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger' - the standard adopted by the Eighth Circuit - is the most sensible way to interpret the imminency requirement." Id. at 1056, citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.2003). Andrews held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a

danger that is ongoing.  Plaintiff is therefore correct that he can satisfy the imminent danger exception by alleging an "ongoing" threat.  Where Plaintiff fails, however, is that he fails to allege facts indicating that the threat he is under is ongoing within the meaning of <u>Andrews</u>, or more than speculative.

The plaintiff in <u>Andrews</u> alleged facts indicating a particular, present, threat to his life.  He alleged that he was at risk of contracting HIV and that he had already contracted hepatitis C, because of his exposure to other prisoners who had those contagious diseases due to prison officials' policy of not screening prisoners for such diseases.  In contrast, the threat Plaintiff alleges was speculative at the time he commenced this action, based on his fear that he will, at some time in the future, be subject to the same type of conduct that caused him to suffer injuries at the hands of correctional officers.  These facts do not support the existence of an particular, present threat of serious physical injury.  "[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  <u>Andrews</u>, 493 F.3d at 1053.  Plaintiff's allegation that he suffers from two brain tumors which developed following a blow to his head when he lost consciousness and fell, due to a drug overdose caused by defendants, does not demonstrate imminent danger within the meaning of § 1915(g).  The danger of developing other tumors, or of injuring himself as a result of a future overdose, is speculative.  Therefore, Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

Accordingly, Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.  Plaintiff's request to proceed in forma pauperis shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

### IV.     CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis in this action is denied;

2. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and

3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **October 10, 2013**                    **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE